**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CW 1112**

PATRICK WELLS, BETHANY WELLS, AND KELVIN WELLS

VERSUS

MENTORSHIP STEAM ACADEMY AS PART OF
HELIX COMMUNITY SCHOOLS AND ITS
INSURER, PRESTON CASTILLE, DONALD JOHNSON,
ADONIS REED, CHRISTINE HENRY

Judgment Rendered: **APR 1 9 2024**

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 719275

Honorable Ronald R. Johnson, Judge Presiding

* * * * * *

Kelvin Wells
St. Gabriel, Louisiana

Plaintiff/Appellant
Pro Se


Gregory Engelsman
Baton Rouge, Louisiana
-and-
Charles G. Clayton, IV
Madisonville, Louisiana

Counsel for Defendants/Appellees
Mentorship Steam Academy as part
of Helix Community School, Preston
Castille, Donald Johnson, Adonis Reed,
and Christine Henry

* * * * * *

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**McCLENDON, J.**

The plaintiff appeals the judgment of the trial court denying his motion for a default judgment. For the following reasons, we convert the appeal to an application for supervisory writs and deny the writ.

Kelvin Wells filed a Petition for Damages on May 20, 2022, naming as defendants, Mentorship Steam Academy as part of Helix Community Schools and its Insurer, Preston Castille, Donald Johnson, Adonis Reed, and Christine Henry. On June 22, 2022, the defendants filed a Motion and Order to Extend Time to File Responsive Pleadings. On June 23, 2022, the trial court granted the motion, giving an additional thirty days from the date of the signing of the order within which to file any exceptions, responsive pleadings, or answer.[1] On July 22, 2022, one day prior to the deadline, the defendants filed Exceptions of Improper Service, Vagueness, No Cause of Action and No Right of Action.[2]

On July 25, 2022, Mr. Wells filed a Motion for Default Judgment. On October 6, 2022, the trial court denied Mr. Wells' motion for a default judgment, noting the "Exceptions filed by Defendant on 7/22/22 & 9/6/22." Mr. Wells filed a Notice of Appeal on October 13, 2022, and the trial court granted the appeal on November 7, 2022.

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. This court's appellate jurisdiction only extends to "final judgments." **Gulfco of Louisiana, LLC v. Plaisance**, 2022-0166 (La.App. 1 Cir. 3/8/23), 362 So.3d 660, 662.

---

[1] Louisiana Code of Civil Procedure Article 1001 provides the delay for answering as follows:

> A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.
>
> B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.
>
> C. The court may grant additional time for answering.

[2] Louisiana Code of Civil Procedure Article 1002 provides: "Notwithstanding the provisions of Article 1001, the defendant may file his answer or other pleading at any time prior to the signing of a default judgment against him."

Only final judgments and interlocutory judgments expressly provided by law are appealable. LSA-C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. A judgment that denies a default judgment does not determine the merits and is therefore, interlocutory. See **Gulfco of Louisiana, LLC**, 362 So.3d at 662; **Jackson v. Usey**, 2020-402 (La.App. 5 Cir. 2/10/21), 315 So.3d 377, 378.

Based on the foregoing, we find the judgment Mr. Wells seeks to appeal is an interlocutory ruling and not a final judgment.[3] The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writs filed within thirty days of the interlocutory judgment. See LSA-C.C.P. art. 2201; **Myers v. Diaz**, 2022-0445 (La.App. 1 Cir. 11/4/22), 354 So.3d 78, 81. This court has discretion to convert an appeal to an application for supervisory writs, and may do so when the motion for appeal was filed within the thirty-day time period allowed for the filing of a supervisory writ application. **Succession of Saucier**, 2021-1466 (La.App. 1 Cir. 6/29/22), 344 So.3d 108, 114. In the interest of judicial efficiency and considering that Mr. Wells' appeal was filed within the delay for filing a supervisory writ application, we exercise our discretion to convert this appeal to an application for supervisory writs, and consider the merits of the appeal under our supervisory jurisdiction. See **Perdido Energy Louisiana, LLC v. Acadia Parish Board of Review**, 2020-0962 (La.App. 1 Cir. 3/30/21), 2021 WL 1207818, *2 (unpublished).

When Mr. Wells filed his motion for default, the defendants' exceptions filed on July 22, 2022 were pending, and the delays for answering the petition had not expired. See LSA-C.C.P. art. 1001(B). Accordingly, we find no error by the trial court in denying Mr. Wells' motion for a default judgment, and we deny the writ application.

For these reasons, we convert this appeal to an application for supervisory writs and deny the writ application. All costs of this appeal are assessed to the plaintiff, Kelvin Wells.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; WRIT APPLICATION DENIED.**

---

[3] We note that on December 11, 2023, this court issued a Rule to Show Cause Order, requesting that the parties file briefs as to whether this appeal should or should not be dismissed.

3